JUDGE KAPLAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

WILLIE HANNA,

          Plaintiff,

v.

32BJ, SERVICE EMPLOYEES
INTERNATIONAL UNION

          Defendant.
-------------------------------------------------------------X

08 CV 5750

NOTICE OF REMOVAL
OF A CIVIL ACTION



RECEIVED JUN 26 2008 U.S.D.C. S.D.N.Y. CASHIERS

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK:

    Defendant LOCAL 32BJ, SERVICE EMPLOYEES INTERNATIONAL UNION ("Local 32BJ" or "Union"), through its attorneys, and pursuant to 28 U.S.C. §§ 1441 and 1446, respectfully seek removal of an action commenced in New York state court and states:

    Plaintiff WILLIE HANNA ("Hanna" or Plaintiff") commenced a civil action in the Supreme Court of the State of New York, County of New York, entitled *WILLIE HANNA v. 32BJ, SERVICE EMPLOYEES INTERNATIONAL UNION*, bearing no index number. Local 32BJ was served with a two-page document titled "Summons With Notice" by hand delivery on June 5, 2008, at its business offices located in Manhattan, New York. Copies of the "Summons With Notice" in the form served on Defendant Local 32BJ are annexed hereto as Exhibit A.

    1.    This is a civil action over which this Court has original jurisdiction under 29 U.S.C. § 185 and is, therefore, one which may be removed to this Court by the Defendant pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446.

## THE PARTIES

2. Plaintiff is an individual residing at 179-10 134th Avenue, Springfield Gardens, New York 11434, who was terminated from his employment as a porter with Guardian Service Industries, Inc. working at a commercial office building located at 875 Avenue of the Americas in Manhattan.

3. Defendant Local 32BJ is a labor organization within Section 2(5) of the National Labor Relations Act, 29 U.S.C. § 152(5), that represents approximately 100,000 employees in the building service industry in the greater New York City metropolitan area, New Jersey, Connecticut, Pennsylvania, Maryland and Washington, D.C., including Plaintiff and the other building service employees working at 875 Avenue of the Americas. Local 32BJ's headquarters are located at 101 Avenue of the Americas, New York, New York 10013.

## HANNA'S TERMINATED EMPLOYMENT

4. Hanna was terminated from his employment as a porter with Guardian Service Industries, Inc. on or about January 24, 2007. Shortly after his termination, Hanna filed a member complaint with Local 32BJ, seeking to challenge his discharge under the terms of the collective bargaining agreement in effect between his employer and Local 32BJ. Upon investigating the merits of Hanna's termination and his long and well-documented history of work performance problems and discipline, Local 32BJ determined that Hanna's complaint did not merit further processing and closed the matter without further action. Local 32BJ notified Hanna of its decision to close his complaint due to lack of merit by letter dated March 9, 2007.

5. By the same March 9th letter in which Local 32BJ advised Hanna that Local 32BJ decided it would not process a grievance challenging his termination, the Union also advised Hanna of his right to appeal that decision to the Local 32BJ Grievance Appeal Board ("GAB").

Hanna exercised his appeal right at a hearing of the GAB held on May 30, 2007. Upon review of the facts of this case, the GAB rejected Hanna's appeal and affirmed the Union's prior determination to close the complaint concerning his termination without further action. The GAB notified Hanna of its decision denying his appeal by letter dated June 7, 2007.

## THE STATE COURT ACTION

6. Plaintiff's papers filed with the state court allege only the following factual allegation: "Plaintiff, a member of Defendant's union organization…sought the aid of defendant in dispute with employer, and defendant refused to so aid. Such breach occurred during the years 2006 and 2007. Plaintiff lost his job by reason thereof and has suffered earnings loss since then." See Exhibit A, Page 1-2.

7. Plaintiff's state court action seeks relief in the form of $100,000 in damages, plus interest and costs.

8. All of Plaintiff's discernable claims relate to Local 32BJ's investigation of Hanna's complaint concerning his termination from employment and the Union's ultimate determination that Hanna's complaint lacked merit under the terms of the collective bargaining agreement in effect between Local 32BJ and Hanna's employer.

## THE COURT'S REMOVAL JURISDICTION

9. While the Complaint identifies a cause of action as "Damages for Brach [sic] of Contract," the only cognizable cause of action Plaintiff is attempting to assert against Local 32BJ is for breach of the Union's duty of fair representation for the Union's refusal to process a grievance on Plaintiff's behalf based on the Union's assessment of the merits of the dispute under the terms of the labor contract. Vaca v. Sipes, 386 U.S. 171 (1967) (union breaches duty of fair representation for failing to enforce collective bargaining agreements for reasons that are

arbitrary, discriminatory, or in bad faith). This action therefore arises under Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185. <u>Breinenger v. Sheet Metal Workers Int'l Ass'n</u>, 493 U.S. 67, 80-81 (1989) (federal courts have jurisdiction to hear duty of fair representation suits against unions whether or not they are accompanied by claims against employers); <u>Lingle v. Norge Div. of Magic Chef, Inc.</u>, 486 U.S. 399, 405-06 (1987) (when resolution of plaintiff's claim depends upon interpretation of collective bargaining agreement, federal law preempts state law and creates federal question jurisdiction over claim).

10. Because Hanna's claim against Local 32BJ allege a breach of the Union's duty of fair representation, his claim arise under Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185; therefore, this Court has original jurisdiction over this claim and it may be removed to this Court by Defendant Local 32BJ, pursuant to 28 U.S.C. §§ 1441 and 1446.

11. There have been no proceedings in the state court action, and Local 32BJ has not served an answer, made motions, or made any appearance or argument in that action.

12. Defendant Local 32BJ submits this Notice of Removal without waiving any defense to the claims asserted in Plaintiff's Summons With Notice or conceding that Plaintiff has pled claims upon which relief may be granted.

13. This Notice of Removal is filed within 30 days after Defendant's receipt of the Summons With Notice and before any proceedings were held in the state court action.

14. There are no other named defendants in Plaintiff's state court action from whom consent must be obtained by Local 32BJ for proper removal of this action.

WHEREFORE, Defendant Local 32BJ respectfully requests that Plaintiff's state court action be removed from the Supreme Court of the State of New York, County of New York, to this Court.

Dated: New York, New York
June 25, 2008

Office of the General Counsel
Local 32BJ, SEIU

By: _____
Lyle D. Rowen (LR 6220)

Associate General Counsel
Local 32BJ, SEIU
101 Avenue of the Americas, 19th floor
New York, New York 10013
Phone: 212-388-3452
Fax:    212-388-2062

Attorneys for Defendant Local 32BJ, SEIU

**EXHIBIT A**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------x

WILLIE HANNA,                              Index No.

             Plaintiff,            **SUMMONS WITH NOTICE**

    -against-

32BJ, SERVICE EMPLOYEES INTERNATIONAL UNION,

             Defendant.

----------------------------------------x

To the above named Defendant

    You are hereby SUMMONED to answer the complaint in this action and to serve a copy of your answer, or if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney within ___ days after service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: May 15th, 2008.

                              Rawlins & Gibbs, LLP
                              Plaintiff's Attorneys
                              103 East 125th Street
                              New York, N.Y.  10035   Ste. 602
                              (212) 222 7005

Defendant's Address:
       101 Avenue of the Americas
       New York, N.Y.  10013-1991

The Relief Sought is:
Damages for Brach of Contract. Defendant's failure to represent Plaintiff in dispute with employer, as it was required to do under agreement with Plaintiff. Plaintiff, a member of Defendant's union organization…sought the aid of defendant in dispute with employer, and defendant refused to so aid. Such breach occurred during the years 2006 and 2007. Plaintiff lost his job by reason thereof and has

suffered earnings loss since then.

Upon your failure to appear, judgment will be taken against you by default for the sum of $100,000.00 with interest fro June, 2007, and the costs of this action.